**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| POWER MOBILITY COALITION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:05CV02027 (RBW) |
| | ) |
| MICHAEL O. LEAVITT, Secretary, United States | ) |
| Department of Health and Human Services, and | ) |
| MARK B. McCLELLAN, Administrator, Centers | ) |
| for Medicare and Medicaid Services, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**NOTICE OF FILING OF DECLARATION OF DR. MARK RACE**
**IN SUPPORT OF PLAINTIFF'S MOTION FOR**
**PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff, the Power Mobility Coalition, hereby gives notice of its filing of the

attached Declaration of Dr. Mark Race in support of plaintiff's pending Motion for

Preliminary Injunctive Relief (filed October 13, 2005). Dr. Race's declaration further

supports arguments made in the pending motion – and supported by other declarations

filed with the motion – concerning harm to the public if enforcement of the challenged

rule is not enjoined.

Dr. Race's declaration was not available for filing until today. It is being filed

and delivered electronically to defendants immediately upon the creation of a docket for

this case within the Electronic Case Filing system. Because Dr. Race's declaration does

not introduce new arguments into the case, its filing one day after the motion will not

prejudice a timely response to the motion by defendants.

Respectfully submitted,

K. Chris Todd
  D.C. Bar No.: 284455
David C. Frederick
  D.C. Bar No.: 431864
Austin C. Schlick
  D.C. Bar No.: 450042
Kellogg, Huber, Hansen, Todd,
  Evans & Figel, P.L.L.C.
1615 M Street, N.W.
Suite 400
Washington, D.C. 20036
(202) 326-7900
*Counsel for the Power Mobility Coalition*

Dated:  October 14, 2005

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| POWER MOBILITY COALITION | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL O. LEAVITT, Secretary, | ) | Civil Action No. |
| United States Department of Health and | ) | |
| Human Services, and | ) | |
| MARK B. McCLELLAN, Administrator, | ) | |
| Centers for Medicare and Medicaid Services | ) | |

**DECLARATION OF DR. MARK RACE**

Mark Race, M.D., does hereby declare as follows:

1. I am a practicing physician licensed in Texas. I have practiced medicine for approximately twenty-one years in rural Texas. I specialize in Physical Medicine and Rehabilitation.

2. Each year, I see approximately thirty patients who require the assistance of some type of medical equipment to help them move around their home and otherwise lead a normal life. Approximately eighty of my patients currently require the assistance of a power wheelchair or scooter. Power wheelchairs and scooters are together sometimes referred to as power mobility devices, or PMDs.

3. The clinical conditions that can make a PMD medically necessary for a given patient include: spinal cord injury, stroke, muscular dystrophy, emphysema, amputation, degenerative neurological conditions, severe arthritis, brain injury, trauma patients, severe heart disease, ataxia, cancer, and many other neuromusculoskeletal conditions that impair strength, endurance and activities of daily living and functional mobility.

4.  Because of my interest in obtaining the best care for my patients, I also have a professional interest in ensuring that those patients are able to receive PMDs through the Medicare program whenever they are eligible to do so.

5.  It is my understanding that most of my patients who are Medicare beneficiaries cannot afford to purchase a PMD from their own funds. In addition, patients who obtain a PMD through Medicare usually do not have access to another suitable mobility device. It therefore is important that suppliers are able to provide PMDs quickly, without requiring the patient to pay the full cost.

6.  I am concerned about the Interim Final Rule that the Centers for Medicare and Medicaid Services adopted on August 26, 2005, and published at 70 Fed. Reg. 50940. The new rule eliminates the traditional process under which I document my determination of medical necessity on a standardized Certificate of Medical Necessity. The new regulations instead require me to write a prescription and to prepare, gather, and submit pertinent records from the patient's medical history that support the medical necessity of the prescription.

7.  The prescription required under the new rule involves more information than ordinarily is found on a prescription.

8.  The additional documentation that may be required to establish the medical necessity of a PMD in each case includes the patient's medical history, physical examination and test results, diagnoses, summaries of findings, and treatment plans. The rule offers no helpful guidance about which documents Medicare will deem pertinent in a particular case. I am not aware that Medicare has made such guidance available in any form. I lack the information that I need to understand and apply the new requirements that are supposed to take effect on October 25, 2005.

9.  I make my determination whether a device is medically necessary for a particular patient at a particular time based on my accumulated professional experience and all

the facts available to me. It will be very difficult for me to determine which documents or isolated facts might be considered pertinent by an insurance company employee, who may lack medical training and whose standards and criteria are likely to be different from my own.

10. I also note that other physicians who are not as familiar with the details of the Medicare reimbursement requirements will be even less well positioned than I am to produce routine medical records that clearly satisfy those requirements.

11. Given the lack of guidance under the new rule, gathering and selecting appropriate documents to support each prescription will be highly subjective and extremely burdensome in both time and cost. The existing CMN process is faster and less costly, in large part because the CMN form identifies information about a patient that is required for reimbursement under Medicare. In my opinion, editing the list of questions on the current CMN form would be a more efficient and less costly way of increasing the amount of information submitted to Medicare.

12. I also am concerned that the additional administrative costs imposed on my practice as a result of the new rule's documentation requirements will not be fully reimbursed by Medicare. This will affect my willingness to prescribe PMDs for my patients as part of the Medicare program. I am aware that other physicians are considering terminating their participation in this aspect of the Medicare program because of the new rule.

13. I also understand that some suppliers of PMDs believe the new rule may drive them out of business. Suppliers are an essential link in the chain that provides Medicare recipients with medically necessary mobility assistance. If suppliers withdraw from the program, some patients (especially in rural areas) may be unable to locate a supplier of a medically appropriate PMD, and may be denied access to a healthcare benefit that the Medicare program is supposed to provide.

4

I declare under penalty of perjury under the laws of the United States America that the foregoing is true and correct.

Mark Race, M.D.

Executed on: October 13, 2005

## CERTIFICATE OF SERVICE

I hereby certify that, on the 14th day of October 2005, copies of the foregoing

Notice of Filing of Declaration of Dr. Mark Race in Support of Plaintiff's Motion for

Preliminary Injunctive Relief were served on the parties listed below by first-class U.S.

mail, postage prepaid.

Darrin Leverette

Kenneth L. Wainstein
U.S. Attorney for the District
  of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

United States Attorney General Alberto R. Gonzales
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Room B-103
Washington, D.C. 20530-0001

Secretary Michael O. Leavitt
United States Department of Health and Human Services
200 Independence Avenue, S.W.
Washington, D.C. 20201

Mark B. McClellan, Administrator
Centers for Medicare and Medicaid Services
7500 Security Boulevard
Baltimore, MD 21244-1850