# Exhibit A
# to the
# Declaration of John Warren

*Requirement of New Orders*
A new order is required in the following situations:
- There is a change in the order for the accessory, supply, drug, etc.
- On a regular basis (even if there is no change in the order) only if it is so specified in the Documentation section of a particular medical policy
- When an item is replaced
- When there is a change in the supplier
- In cases where two or more suppliers merge, the resultant supplier should make **all** reasonable attempts to secure copies of **all** active CMNs from the supplier(s) purchased. This document should be kept on file by the resultant supplier for future presentation to the DMERC or DMERC PSC.

*Nurse Practitioner or Clinical Nurse Specialist Rules Concerning Orders*
A nurse practitioner or clinical nurse specialist may give the dispensing order and sign the written order in the following situations:
- They are treating the beneficiary for the condition for which the item is needed
- They are practicing independently of a physician
- They bill Medicare for other covered services using their <u>own</u> provider number
- They are permitted to do all of the above in the state in which the services are rendered

A nurse practitioner or clinical nurse specialist may complete Section B and sign Section D of a CMN, if they meet **all** the criteria described above for signing orders.

*Physician Assistant Rules Concerning Orders and CMNs*
Physician assistants may provide the dispensing order, and write and sign the written order, if they satisfy **all** the following requirements:
- They meet the definition of physician assistant found in Section 1861(aa)(5)(A) of the Social Security Act and Section 2156(A) of the Medicare Carriers Manual [crosswalked to Section 190, Chapter 15, Pub.100-2 (Benefit Policy), and Sections 110 and 110.3, Chapter 12, Pub. 100-4 (Claims Processing)]
- They are treating the beneficiary for the condition for which the item is needed
- They are practicing under the supervision of a Doctor of Medicine or Doctor of Osteopathy
- They have their **own** unique physician identification number (UPIN)
- They are permitted to perform services in accordance with state law

Physician assistants may complete Section B and sign Section D of a CMN, if they meet **all** the criteria described above for signing orders.

*Evidence of Medical Necessity*
If replacement supplies are needed for the therapeutic use of **purchased** DMEPOS, the treating physician **must** specify on the prescription, or on the CMN, the type of supplies needed **and** the frequency with which they must be replaced, used, or consumed. DMERCs and DMERC PSCs evaluate supply utilization information as part of the medical necessity determination for DMEPOS. They do **not** accept "PRN" or "as needed" utilization estimates for supply replacement, use, or consumption.

Absent a state law to the contrary **or** a supply utilization problem, the prescription or physician's certification submitted for the DMEPOS may also serve as medical evidence for supply replacement claims. However, when a prescription for DMEPOS is renewed or revised, supply utilization information **must** be specified or

updated by the physician on the CMN. Based upon this information, DMERCs and DMERC PSCs assess the continuing medical necessity.

Suppliers need to submit updated medical information if the patient's condition materially changes the equipment, device, or supply utilization requirements. Absent such notification, DMERCs and DMERC PSCs do **not** allow claims for unexplained increases in supply utilization above the usage level they previously determined as medically necessary. Suppliers **must** provide this information with the claim, where indicated in published medical policy, or make it available to the DMERC or DMERC PSC on request.

If necessary or appropriate for a medical necessity determination, the DMERC or DMERC PSC will ask the supplier to obtain documentation from the treating physician, establishing the severity of the patient's condition and the immediate and long-term need for the equipment, and the therapeutic benefits the patient is expected to realize from its use. A claim of therapeutic effectiveness or benefit based on speculation or theory alone **cannot** be accepted. When restoration of function is cited as a reason for use of DMEPOS, the **exact** nature of the deformity or medical problem should be clear from the medical evidence submitted. Also, the manner in which the equipment or device will restore or improve the bodily function should be explained by the treating physician.

If the DMERC or DMERC PSC is unsuccessful in obtaining medical information from the supplier for non-assigned claims, it gives the beneficiary the opportunity to obtain the desired information from the supplier. If, after obtaining the requested information, a question of medical necessity remains, the DMERC or DMERC PSC medical review staff must resolve the issue.

## Certificates of Medical Necessity

For items that require a certificate of medical necessity (CMN), and for accessories, supplies, and drugs related to an item requiring an CMN, the CMN may serve as the written order **if** the narrative description in Section C is sufficiently detailed. This applies to both hard copy and electronic orders and CMNs.

A supplier must have a hard copied, faxed, or electronic order or CMN in their records **before** they can submit a claim for payment to Medicare. Suppliers must ensure the security and integrity of electronically maintained CMNs are in accordance with any regulations published by CMS. The following is a list of the currently approved CMNs [for electronic submission in the National Standard Format (NSF)]:

| DMERC Form | CMS Form | Items Addressed |
|---|---|---|
| 484.2 | 484 | Home oxygen therapy |
| 01.02A | 841 | Hospital beds |
| 01.02B | 842 | Support surfaces |
| 02.03A | 843 | Motorized wheelchairs |
| 02.03B | 844 | Manual wheelchairs |
| 04.03B | 846 | Lymphedema pumps (pneumatic compression devices) |
| 04.03C | 847 | Osteogenesis stimulators |
| 06.02B | 848 | Transcutaneous electrical nerve stimulators (TENS) |
| 07.02A | 849 | Seat lift mechanisms |
| 07.02B | 850 | Power operated vehicles (POVs) |
| 09.02 | 851 | External Infusion Pumps |
| 10.02A | 852 | Parenteral nutrition |
| 10.02B | 853 | Enteral nutrition |
| 11.01 | 854 | Section C continuation (manual and motorized wheelchairs - ONLY) |

*Miscellaneous Issues*

A new order is required when there is a change in the order for the accessory, supply, drug, etc. A new order is required on a regular basis (even if there is no change in the order) only if it is so specified in the Documentation section of a particular medical policy. A new order is required when an item is replaced.

A new order is also required when there is a change of supplier. In cases where two or more suppliers merge, the resultant supplier should make all reasonable attempts to secure copies of all active orders from the supplier(s) purchased. This document should be kept on file by the resultant supplier and be available to the DMERC on request.

A nurse practitioner or clinical nurse specialist may provide the dispensing order and sign the detailed written order if they satisfy all the following requirements:

- They are treating the beneficiary for the condition for which the item is needed; and
- They are practicing independently of a physician; and
- They bill Medicare for other covered services using their own provider number; and
- They are permitted to do all of the above in the state in which the services are rendered.

A physician assistant may provide the dispensing order and write and sign the detailed written order if they satisfy all the following requirements:

- They meet the definition of a physician assistant found in Section 1861(aa)(5) of the Social Security Act or Section 2156(A) of the *Medicare Carriers Manual*; and
- They are treating the beneficiary for the condition for which the item is needed; and
- They are practicing under the supervision of a Doctor of Medicine or Doctor of Osteopathy; and
- They have their own UPIN; and
- They are permitted to perform services in accordance with State law.

Medical necessity information (e.g., an ICD-9 diagnosis code, narrative description of the patient's condition, abilities, limitations, etc.) is not itself considered to be part of the order although it may be entered         on the same document as the order.

**Certificates of Medical Necessity:**

Refer to Section XVIII, CMN Completion, for detailed information on this subject.

**Documentation in the Patient's Medical Record:**

For any DMEPOS item to be covered by Medicare, the patient's medical record must contain sufficient documentation of the patient's medical condition to substantiate the necessity for the type and quantity of items ordered and for the frequency of use or replacement (if applicable). The information should include the patient's diagnosis and other pertinent information including, but not limited to, duration of the patient's condition, clinical course (worsening or improvement), prognosis, nature and extent of functional limitation, other therapeutic interventions and results, past experience with related items, etc. If an item requires a CMN, it is recommended that a copy of the completed CMN be kept in the patient's record. However, neither a physician's order nor a CMN nor a supplier-prepared statement nor a physician attestation by itself provides sufficient documentation of medical necessity, even though it is signed by the treating physician. There must be clinical information in the patient's medical record, which

supports the medical necessity for the item and substantiates the answers on the CMN (if applicable) or information on a supplier-prepared statement or physician attestation (if applicable).

The patient's medical record is not limited to the physician's office records. It may include hospital, nursing home, or home health agency records and records from other professionals including, but not limited to, nurses, physical or occupational therapists, prosthetists, and orthotists.

The documentation in the patient's medical record does not have to be routinely sent to the supplier or to the DMERC. However, the DMERC may request this information in selected cases. If the DMERC does not receive the information when requested, or if the information in the patient's medical record does not adequately support the medical necessity for the item, then on assigned claims the supplier is liable for the dollar amount involved unless a properly executed advance beneficiary notice (ABN) of possible denial has been obtained.

For additional information on supplier documentation, including Proof of Delivery Requirements, refer to Chapter 15 – Fraud and Abuse.

**GRANDFATHERING**
DMERC medical policies are generally applied to claims processed by the DMERC. The grandfathering policy described below defines which claims relating to items addressed in a DMERC medical policy are not reviewed using the current DMERC medical policy. Rather, coverage of certain items depends on coverage decisions made by the prior local or regional carrier. (Regional carrier refers to those specialty carriers, which processed claims for parenteral/enteral nutrition, immunosuppressive drugs and osteogenesis stimulators prior to the DMERC.)

Three general provisions apply to all the categories. First, grandfathering applies only to the basic coverage of an item. Frequency, quantity and bundling guidelines defined in the current medical policy apply to all items.

Second, if the local carrier covered an item but reduced the allowance to the least costly alternative, the DMERC will continue the payment reduction.

Third, continued medical necessity for grandfathered items is established by information on a prior or new physician order or a prior CMN in the supplier's records.

A) DME – Capped rental items

   For items that were approved by the local carrier, if the beneficiary chose the rental option, the periodic maintenance and servicing of the item will be covered.

B) DME – Frequent/Substantial Servicing Items

   If these items were approved by the local carrier for the patient's "lifetime," payment will be continued by the DMERC as long as the item is used in a covered setting and there is continued medical necessity for the item. This grandfathering also applies to supplies which are used in conjunction with this equipment.

C) Oxygen



- What's New
- General Information
- Supplier Enrollment
- Ombudsman Contacts
- FAQs
- Coverage
- CMNs
- SADMERC
- Advisories
- Manuals
- Medical Policies
- Fee Schedules
- Tools & Calculators
- Forms
- Region C Council
- PCOM
- Appeals
- Benefit Integrity
- Learning & Education
- Related Sites

Providers >> DMERC

DMERC

# Manuals

CPT codes, descriptions, and other data only are copyright 2001 American Medical Association (or such other date of publication of CPT). All Rights Reserved. Applicable FARS/DFARS Apply.
NOTE: Should you have landed here as a result of a search engine (or other) link, be advised that these files contain material that is copyrighted by the American Medical Association. You are forbidden to download the files unless you read, agree to, and abide by the provisions of the copyright statement
Read the AMA copyright statement now and you will be linked back to here.

## Chapter 26 - Motorized/Power Wheelchair Base

To download formatted manual pages of the information in this chapter, click on View Attachments above.

### MOTORIZED/POWER WHEELCHAIR BASES POLICY ARTICLE

| CONTRACTOR INFORMATION | |
|---|---|
| Contractor Name | Palmetto GBA |
| Contractor Number | 00885 |
| Contractor Type | DMERC |
| **ARTICLE INFORMATION** | |
| Article Database ID Number | A25627 |
| Article Type | Article |
| Key Article | Yes |
| Article Title | Motorized/Power Wheelchair Bases - Policy Article - Effective April 2005 |
| Primary Geographic Jurisdiction | AL, AR, CO, FL, GA, KY, LA, MS, NC, NM, OK, PR, SC, TN, TX, VI |
| DMERC Region Article Covers | Region C |
| Original Article Effective Date | 04/01/2005 |
| Article Revision Effective Date | |

| Article Text | **NON-MEDICAL NECESSITY COVERAGE AND PAYMENT RULES**<br><br>Reimbursement for the wheelchair codes includes all labor charges involved in the assembly of the wheelchair and all covered additions or modifications. Reimbursement also includes support services, such as emergency services, delivery, set-up, education, and on-going assistance with use of the wheelchair.<br><br>Upgrades that are beneficial primarily in allowing the patient to perform leisure or recreational activities are noncovered.<br><br>**CODING GUIDELINES**<br><br>Motorized/power wheelchair bases K0010, K0011, K0012, and K0014 are characterized by a seat width and a seat depth of 15" or greater.<br><br>In addition, a lightweight power wheelchair (K0012) is characterized by:<br>Weight less than 80 lbs. with back and seat but without frontriggings or battery<br>Folding back or collapsible frame<br><br>Code K0014 is used for a power wheelchair base if it has a patient weight capacity of greater than or equal to 350 pounds and has programmable controls.<br><br>A power wheelchair with a seat width or depth of 14" or less is considered a pediatric power wheelchair base and is coded E1239.<br><br>The following features are included in the allowance for K0010-K0012 and K0014 power wheelchair bases:<br>Seat Width: 15"-19"<br>Seat Depth: 15"-19"<br>Arm Style: Fixed, swingaway, or detachable; fixed height<br>Footrests: Fixed, swingaway, or detachable<br><br>Wheelchairs with individualized features which meet the needs of a particular patient are billed by selecting the correct code for the wheelchair base and then using appropriate codes for wheelchair options and accessories. (Refer to the Wheelchair Options and Accessories policy.) If the frame of the wheelchair is modified in a unique way to |
|---|---|

|   |   |
|---|---|
|   | accommodate the patient, bill the code for the wheelchair base and bill the modification with code K0108 (wheelchair component or accessory, not otherwise specified). Codes K0010 - K0014 are not used for manual wheelchairs with add-on power packs. Use the appropriate code for the manual wheelchair base provided (K0001 - K0009) and code E0983. Codes E1210 - E1220 should only be used to bill for maintenance and service for an item for which the initial claim was paid by the local carrier prior to the transition to the DMERC. Suppliers should contact the Statistical Analysis Durable Medical Equipment Regional Carrier (SADMERC) for guidance on the correct coding of these items. |
| Coverage Topic | Durable Medical Equipment Wheelchairs |
| **CODING INFORMATION** ||
| No Coding Information has been entered in this section of the article. ||
| **OTHER INFORMATION** ||
| Revision History Explanation | Effective date: 04/01/2005 LMRP converted to LCD and Policy Article CODING GUIDELINES: Revised definition of code K0014 to exclude pediatric wheelchairs Added a definition for E1239 |
| Related Documents | LCD(s) L11444 - Motorized/Power Wheelchair Bases |

## MOTORIZED/POWER WHEELCHAIR BASES LCD

| CONTRACTOR INFORMATION ||
|---|---|
| Contractor Name | Palmetto GBA |
| Contractor Number | 00885 |
| Contractor Type | DMERC |
| **LCD INFORMATION** ||
| LCD Database ID Number | L11444 |
| LCD Title | Motorized/Power Wheelchair Bases |
| Contractor's Determination | PWCB.0405 |

| | |
|---|---|
| Number | |
| AMA CPT/ADA CDT Copyright Statement | CPT codes, descriptions and other data only are copyright 2004 American Medical Association (or such other date of publication of CPT). All Rights Reserved. Applicable FARS/DFARS Clauses Apply. Current Dental Terminology, (CDT) (including procedure codes, nomenclature, descriptors and other data contained therein) is copyright by the American Dental Association. © 2002, 2004 American Dental Association. All rights reserved. Applicable FARS/DFARS apply. |
| CMS National Coverage Policy | CMS Manual System, Pub. 100-3, Medicare National Coverage Determinations Manual, Chapter 1, Sections 280.1, 280.3 |
| Primary Geographic Jurisdiction | AL, AR, CO, FL, GA, KY, LA, MS, NC, NM, OK, PR, SC, TN, TX, VI |
| Oversight Region | Region VI |
| CMS Consortium | Southern |
| DMERC Region Article Covers | Region C |
| Original Determination Effective Date | For services performed on or after 10/01/1993 |
| Original Determination Ending Date | |
| Revision Effective Date | For services performed on or after 04/01/2005 |
| Revision Ending Date | |
| Indications and Limitations of Coverage and/or Medical Necessity | For any item to be covered by Medicare, it must 1) be eligible for a defined Medicare benefit category, 2) be reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member, and 3) meet all other applicable Medicare statutory and regulatory requirements. For the items addressed in this medical policy, the criteria for "reasonable and necessary" are defined by the following indications and limitations of coverage and/or medical necessity.<br><br>For an item to be covered by Medicare, a written signed and dated order must be received by the supplier before a claim is submitted to the DMERC. If the supplier bills for an item addressed in this policy without first receiving the completed order, the item will be denied as not medically |

|  |  |
|---|---|
|  | necessary.<br><br>A power wheelchair is covered when all of the following criteria are met:<br><br>1) The patient's condition is such that without the use of a wheelchair the patient would otherwise be bed or chair confined, and;<br><br>2) The patient's condition is such that a wheelchair is medically necessary and the patient is unable to operate a wheelchair manually and;<br><br>3) The patient is capable of safely operating the controls for the power wheelchair.<br><br>A patient who requires a power wheelchair usually is totally nonambulatory and has severe weakness of the upper extremities due to a neurologic, muscular, or cardiopulmonary disease/condition.<br><br>If the documentation does not support the medical necessity of a power wheelchair but does support the medical necessity of a manual wheelchair, payment is based on the allowance for the least costly medically appropriate alternative. However, if the power wheelchair has been purchased, and the manual wheelchair on which payment is based is in the capped rental category, the power wheelchair will be denied as not medically necessary.<br><br>Payment is made for only one wheelchair at a time. Backup chairs are denied as not medically necessary. One month's rental of a wheelchair is covered if a patient-owned wheelchair is being repaired. |
| **Coverage Topic** | Durable Medical Equipment<br>Wheelchairs |
| **CODING INFORMATION** ||
| **Type of Bill Code** |  |
| **Revenue Codes** |  |
| **CPT/HCPCS Codes** | The appearance of a code in this section does not necessarily indicate coverage.<br><br>**HCPCS MODIFIERS:**<br><br>**EY – No physician or other licensed health care provider order for this item or service**<br><br>**HCPCS CODES:** |

| | | |
|---|---|---|
| | E0983 | MANUAL WHEELCHAIR ACCESSORY, POWER ADD-ON TO CONVERT MANUAL WHEELCHAIR TO MOTORIZED WHEELCHAIR, JOYSTICK CONTROL |
| | E1239 | POWER WHEELCHAIR, PEDIATRIC SIZE, NOT OTHERWISE SPECIFIED |
| | K0010 | STANDARD - WEIGHT FRAME MOTORIZED/POWER WHEELCHAIR |
| | K0011 | STANDARD - WEIGHT FRAME MOTORIZED/POWER WHEELCHAIR WITH PROGRAMMABLE CONTROL PARAMETERS FOR SPEED ADJUSTMENT, TREMOR DAMPENING, ACCELERATION CONTROL AND BRAKING |
| | K0012 | LIGHTWEIGHT PORTABLE MOTORIZED/POWER WHEELCHAIR |
| | K0014 | OTHER MOTORIZED/POWER WHEELCHAIR BASE |
| **ICD-9 Codes that Support Medical Necessity** | Not specified. | |
| **Diagnoses that Support Medical Necessity** | Not specified. | |
| **ICD-9 Codes that DO NOT Support Medical Necessity** | Not specified. | |
| **ICD-9 Codes that DO NOT Support Medical Necessity Asterisk Explanation** | | |
| **Diagnoses that DO NOT Support Medical Necessity** | Not specified. | |
| **GENERAL INFORMATION** | | |
| **Documentation Requirements** | Section 1833(e) of the Social Security Act precludes payment to any provider of services unless "there has been furnished such information as may be necessary in order to determine the amounts due such provider" (42 U.S.C. section 13951(e)). It is expected that the patient's medical records will reflect the need for the care provided. The patient's medical records include the physician's office records, hospital records, nursing home records, home health agency records, records | |

from other healthcare professionals and test reports. This documentation must be available to the DMERC upon request.

An order for each item billed must be signed and dated by the treating physician, kept on file by the supplier, and made available to the DMERC upon request. Items billed to the DMERC before a signed and dated order has been received by the supplier must be submitted with an EY modifier added to each affected HCPCS code.

A Certificate of Medical Necessity (CMN), which has been completed, signed, and dated by the treating physician, must be kept on file by the supplier and made available to the DMERC on request. The CMN for power wheelchairs is CMS Form 843. This applies to the power add-on code E0983 as well as to the power wheelchair bases E1239 and K0010-K0014. The initial claim must include a copy of the CMN.

Power wheelchairs described by codes K0011 and K0014 are eligible for Advance Determination of Medicare Coverage (ADMC) only when a power tilt and/or power recline seating system or a non-joystick control device (e.g., head control, sip and puff, switch control) is ordered. Refer to the ADMC section in the Supplier Manual for details concerning the ADMC process.

When billing K0014, the claim must include documentation indicating the brand name and model name/number of the base, and a statement documenting the medical necessity of this base for the particular patient including why another base (K0010-K0012) was not acceptable.

When billing E1239, the claim must include the manufacturer and product name/ number of the wheelchair that was provided.

Accessories to the wheelchair base should be billed on the same claim. If additional claim forms are needed, charges should be carried over and the total should be entered on the last page.

Refer to the Supplier Manual for more information on documentation requirements.

| Appendices | |
|---|---|
| Utilization | Refer to Indications and Limitations of Coverage |

| Guidelines | and/or Medical Necessity. |
|---|---|
| Sources of Information and Basis for Decision | Reserved for future use. |
| Advisory Committee Meeting Notes | |
| Start Date of Comment Period | 04/16/1993 |
| End Date of Comment Period | 05/31/1993 |
| Start Date of Notice Period | 08/01/1993 |
| Revision History Number | PWCB.006 |
| Revision History Explanation | Revision effective date: 04/01/2005<br>LMRP converted to LCD and Policy Article<br>HCPCS CODES AND MODIFIERS:<br>Added: E1239<br>DOCUMENTATION REQUIREMENTS:<br>Specified that E1239 requires a CMN and product information<br><br>Revision Effective Date 04/01/2004<br>INDICATIONS AND LIMITATIONS OF COVERAGE:<br>Reinserted the word "usually is totally" back into the policy.<br><br>Revision effective date: 04/01/2004<br>HCPCS CODES AND MODIFIERS:<br>Added: E0983<br>Discontinued: K0460<br>CODING GUIDELINES:<br>Revises definition of codes K0010, K0011, and K0012, especially seat width and depth.<br>Adds definition of code K0014.<br>Substitutes code E0963 for K0460.<br>DOCUMENTATION REQUIREMENTS:<br>Substitutes code E0963 for K0460.<br><br>Revision effective date: 10/01/2003<br>INDICATIONS AND LIMITATIONS OF COVERAGE:<br>Deleted statement requiring rental if length of need is less than 6 months<br><br>Revision effective date: 04/01/2003<br>HCPCS CODES AND MODIFIERS:<br>Added: EY |

| | INDICATIONS AND LIMITATIONS OF COVERAGE:<br>Adds standard language concerning coverage of items without an order.<br>Revises the statement concerning coverage if the length of need is 6 months or less.<br>CODING GUIDELINES:<br>Moves Definitions section to this section.<br>DOCUMENTATION REQUIREMENTS:<br>Adds standard language concerning use of EY modifier for items without an order.<br>Revises standard language concerning use of a CMN.<br><br>The revision dates listed below are the dates the revisions were published and not necessarily the effective dates for the revisions.<br><br>01/01/2002 - The revisions include changes in codes, coverage and payment rules, coding guidelines, and documentation requirements, including Advance Determination of Medicare Coverage (ADMC), which have occurred since the policies were last published.<br><br>06/01/1997 – Revised Coverage and Payment Rules and Coding Guidelines sections.<br><br>12/01/1993 – Corrected HAO to HA0 in the Documentation section. |
|---|---|
| **Last Reviewed On** | |
| **Related Documents** | Article(s)<br>A25627 - Motorized/Power Wheelchair Bases - Policy Article - Effective April 2005 |
| **LCD Attachments** | Motorized Wheelchair CMN 843<br><br>CMN Section C Continuation Form |

Region C DMERC DMEPOS Supplier Manual (updated through Autumn 2005)
.... Index
.... Introduction and Table of Contents
.... Part I - General Information
........ Chapter 1 - Beneficiary Eligibility & Supplier Responsibility
........ Chapter 2 - Jurisdiction
........ Chapter 3 - National Supplier Clearinghouse
........ Chapter 4 - Statistical Analysis DMERC
........ Chapter 5 - Claims Filing

Chapter 3

# Supplier Documentation

*[Social Security Act §§1833(e) and 1879; Medicare Carriers Manual, §7300; Medicare Program Integrity Manual, Chapter 5 Section 2.1; Health Care Financing Administration Program Memorandums B-99-23 and B-00-24]*

Before submitting a claim to the DMERC, the supplier must have on file a dispensing order, the detailed written order (faxed or original), the Certificate of Medical Necessity (CMN) (faxed or original, if applicable), information from the treating physician concerning the patient's diagnosis, and any information required for the use of specific modifiers or attestation statements as defined in certain DMERC policies.

The supplier should also obtain as much documentation from the patient's medical record as necessary for assurance that Medicare coverage criteria for an item(s) has been met. If the information in the patient's medical record does not adequately support the medical necessity for the item, then for assigned claims, the supplier is liable for the dollar amount involved unless a properly executed advance beneficiary notice (ABN) has been obtained. In addition, a supplier must obtain a properly executed beneficiary authorization and proof of delivery for the item(s). Additional documentation may be required by specific DMERC Regional Medical Review Policies and must be made available on request.

Documentation must be maintained in the supplier's files for seven years.

# Orders

*[Social Security Act §§ 1834(a)(11)(B) and 1861(s)(2)(K)(iii); Title 42 C.F.R. §410.38; Medicare Carriers Manual, §§5102 & 4107; Medicare Program Integrity Manual, Chapter 5 Section 1; Health Care Financing Administration Program Memorandums B-99-23, B-00-24]*

## Dispensing Orders

**For any DMEPOS item to be covered by Medicare, the supplier must have an order from the treating physician before dispensing the item to a beneficiary.**

Except for items requiring a written order prior to delivery, the dispensing order may be a written order (original or fax) or a verbal order. The dispensing order must include all the following elements:

- Description of the item
- Name of the beneficiary
- Name of the physician
- Date of the order

The dispensing order does not need to be as detailed as the written order, which is required before submitting a claim (see following section). The supplier must maintain written documentation of the dispensing order and this documentation must be available to the DMERC on request.

Certain items require a **written** order prior to delivery. These items are:

A4640  Replacement pad for use with medically necessary alternating pressure pad owned by patient
E0176  Air pressure pad or cushion, nonpositioning
E0177  Water pressure pad or cushion, nonpositioning
E0178  Gel or gel-like pressure pad or cushion, nonpositioning
E0179  Dry pressure pad or cushion, nonpositioning
E0180  Pressure pad, alternating with pump
E0181  Pressure pad, alternating with pump, heavy duty
E0182  Pump for alternating pressure pad
E0184  Dry pressure pad
E0185  Gel or gel-like pressure pad for mattress, standard mattress length and width
E0186  Air pressure mattress
E0187  Water pressure mattress
E0188  Synthetic sheepskin pad
E0189  Lambswool sheepskin pad, any size
E0192  Low pressure and positioning equalization pad, for wheelchair
E0193  Powered air flotation bed (low air loss therapy)

Chapter 3

# Certificates Of Medical Necessity

Information on Certificates of Medical Necessity (CMNs) may be found in the chapter entitled "Certificates of Medical Necessity."

# Documentation In The Patient's Medical Record

*[Social Security Act §1833(e); Medicare Program Integrity Manual, Chapter 5 Section 2; HCFA Ruling 93-1-1]*

For any DMEPOS item to be covered by Medicare, the patient's medical record must contain sufficient documentation of the patient's medical condition to substantiate the necessity for the type and quantity of items ordered and for the frequency of use or replacement (if applicable). The information should include the patient's diagnosis and other pertinent information including, but not limited to, duration of the patient's condition, clinical course (worsening or improvement), prognosis, nature and extent of functional limitations, other therapeutic interventions and results, past experience with related items, etc. If an item requires a CMN, it is recommended that a copy of the completed CMN be kept in the patient's record. However, neither a physician's order, CMN, supplier-prepared statement, or physician attestation by itself provides sufficient documentation of medical necessity, even though it is signed by the treating physician. The DMERC does not assign greater weight to the treating physician's certification. Rather, the treating physician's certification is considered along with the other pertinent medical evidence. Moreover, the DMERC may deny the claim if the information in the patient's medical record does not support, or is inconsistent with, the treating physician's certification (e.g., CMN or attestation statement).

There must be clinical information in the patient's medical record which supports the medical necessity for the item and substantiates the answers on the CMN (if applicable), or information on a supplier prepared statement, or physician attestation (if applicable). The physician is responsible for ensuring that the patient's record includes complete medical information, and this information is the basis for determining the appropriateness of the prescribed treatment. The final determination by the DMERC is not based solely on the physician's opinion but reflects its evaluation of all documentation contained in the medical record. A physician's opinion, certification or attestation will be evaluated in the context of the evidence in the complete administrative and medical record. Even though a physician's certification may be required for payment for certain items, coverage decisions are not made based solely on this certification; they are made based on objective medical information about the patient's condition and the services received.

The patient's medical record is not limited to the physician's office records. It may include hospital, nursing home, or home health agency records and records from other professionals including, but not limited to, nurses, physical or occupational therapists, prosthetists, and orthotists. It is recommended that (for their files), suppliers obtain sufficient medical records to determine whether the beneficiary meets Medicare coverage and payment rules for the particular item.

The documentation in the patient's medical record does not need to be routinely sent to the supplier or to the DMERC. However, the DMERC may request this information in selected cases. If the DMERC does not receive the information when requested, or if the information in the patient's medical record does not adequately support the medical necessity for the item, then for assigned claims the supplier is liable for the dollar amount involved unless a properly executed advance beneficiary notice (ABN) of possible denial has been obtained. See the chapter entitled "Claim Submission," (Limitation of Liability section) for information on ABN.

# Beneficiary Authorization

Suppliers may only receive Medicare payment if the beneficiary assigns his or her Medicare benefits to the supplier. Regulations authorize Medicare to pay for claims submitted by a supplier only if the beneficiary or the person authorized to request payment on the beneficiary's behalf assigns the claims to the supplier and the supplier accepts assignment. When a supplier accepts assignment, the supplier must accept Medicare's determination of the approved amount as the full fee for the service(s) rendered. For more information about beneficiary authorization, see the chapter entitled "Claim Submission."