**Statutory Provisions**

5 U.S.C. § 553 .................................................................................................... 1

5 U.S.C. § 701 .................................................................................................... 2

5 U.S.C. § 702 .................................................................................................... 3

5 U.S.C. § 703 .................................................................................................... 4

5 U.S.C. § 704 .................................................................................................... 5

5 U.S.C. § 705 .................................................................................................... 6

5 U.S.C. § 706 .................................................................................................... 7

28 U.S.C. § 1331 ................................................................................................ 8

28 U.S.C. § 1361 ................................................................................................ 9

28 U.S.C. § 2201 ...............................................................................................10

28 U.S.C. § 2202 ...............................................................................................11

42 U.S.C. § 405(g)-(h) .......................................................................................12

42 U.S.C. § 1395hh(a)-(b) .................................................................................14

42 U.S.C. § 1395ii .............................................................................................16

**TITLE 5. GOVERNMENT ORGANIZATION AND EMPLOYEES**
**PART I. THE AGENCIES GENERALLY**
**CHAPTER 5. ADMINISTRATIVE PROCEDURE**
**SUBCHAPTER II. ADMINISTRATIVE PROCEDURE**

**5 U.S.C. § 553**

**§ 553.  Rule making**

(a) This section applies, according to the provisions thereof, except to the extent that there is involved--
   (1) a military or foreign affairs function of the United States; or
   (2) a matter relating to agency management or personnel or to public property, loans, grants, benefits, or contracts.

(b) General notice of proposed rule making shall be published in the Federal Register, unless persons subject thereto are named and either personally served or otherwise have actual notice thereof in accordance with law.  The notice shall include--
   (1) a statement of the time, place, and nature of public rule making proceedings;
   (2) reference to the legal authority under which the rule is proposed; and
   (3) either the terms or substance of the proposed rule or a description of the subjects and issues involved.

Except when notice or hearing is required by statute, this subsection does not apply--
   (A) to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice; or
   (B) when the agency for good cause finds (and incorporates the finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest.

(c) After notice required by this section, the agency shall give interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments with or without opportunity for oral presentation.  After consideration of the relevant matter presented, the agency shall incorporate in the rules adopted a concise general statement of their basis and purpose.  When rules are required by statute to be made on the record after opportunity for an agency hearing, sections 556 and 557 of this title apply instead of this subsection.

(d) The required publication or service of a substantive rule shall be made not less than 30 days before its effective date, except--
   (1) a substantive rule which grants or recognizes an exemption or relieves a restriction;
   (2) interpretative rules and statements of policy; or
   (3) as otherwise provided by the agency for good cause found and published with the rule.

(e) Each agency shall give an interested person the right to petition for the issuance, amendment, or repeal of a rule.

**TITLE 5. GOVERNMENT ORGANIZATION AND EMPLOYEES**
**PART I. THE AGENCIES GENERALLY**
**CHAPTER 7. JUDICIAL REVIEW**

**5 U.S.C. § 701**

**§ 701.  Application; definitions**

(a) This chapter applies, according to the provisions thereof, except to the extent that--
   (1) statutes preclude judicial review; or
   (2) agency action is committed to agency discretion by law.

(b) For the purpose of this chapter--
   (1) "agency" means each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include--
      (A) the Congress;
      (B) the courts of the United States;
      (C) the governments of the territories or possessions of the United States;
      (D) the government of the District of Columbia;
      (E) agencies composed of representatives of the parties or of representatives of organizations of the parties to the disputes determined by them;
      (F) courts martial and military commissions;
      (G) military authority exercised in the field in time of war or in occupied territory; or
      (H) functions conferred by sections 1738, 1739, 1743, and 1744 of title 12; chapter 2 of title 41; subchapter II of chapter 471 of title 49; or sections 1884, 1891-1902, and former section 1641(b)(2), of title 50, appendix, and
   (2) "person," "rule," "order," "license," "sanction," "relief," and "agency action" have the meanings given them by section 551 of this title.

**TITLE 5. GOVERNMENT ORGANIZATION AND EMPLOYEES**
**PART I. THE AGENCIES GENERALLY**
**CHAPTER 7. JUDICIAL REVIEW**

**5 U.S.C. § 702**

**§ 702.  Right of review**

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.  An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.  The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance.  Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

**TITLE 5. GOVERNMENT ORGANIZATION AND EMPLOYEES**
**PART I. THE AGENCIES GENERALLY**
**CHAPTER 7. JUDICIAL REVIEW**

**5 U.S.C. § 703**

**§ 703.  Form and venue of proceeding**

The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction.  If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer. Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement.

**TITLE 5. GOVERNMENT ORGANIZATION AND EMPLOYEES
PART I. THE AGENCIES GENERALLY
CHAPTER 7. JUDICIAL REVIEW**

**5 U.S.C. § 704**

**§ 704.  Actions reviewable**

Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.  A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.  Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.

**TITLE 5. GOVERNMENT ORGANIZATION AND EMPLOYEES**
**PART I. THE AGENCIES GENERALLY**
**CHAPTER 7. JUDICIAL REVIEW**

**5 U.S.C. § 705**

**§ 705.  Relief pending review**

When an agency finds that justice so requires, it may postpone the effective date of action taken by it, pending judicial review.  On such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court, including the court to which a case may be taken on appeal from or on application for certiorari or other writ to a reviewing court, may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings.

**TITLE 5. GOVERNMENT ORGANIZATION AND EMPLOYEES**
**PART I. THE AGENCIES GENERALLY**
**CHAPTER 7. JUDICIAL REVIEW**

**5 U.S.C. § 706**

**§ 706.  Scope of review**

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action.  The reviewing court shall--
   (1) compel agency action unlawfully withheld or unreasonably delayed; and
   (2) hold unlawful and set aside agency action, findings, and conclusions found to be--
     (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
     (B) contrary to constitutional right, power, privilege, or immunity;
     (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
     (D) without observance of procedure required by law;
     (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
     (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

**TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE**
**PART IV. JURISDICTION AND VENUE**
**CHAPTER 85. DISTRICT COURTS; JURISDICTION**

**28 U.S.C. § 1331**

**§ 1331.  Federal question**

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

**TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE**
**PART IV. JURISDICTION AND VENUE**
**CHAPTER 85. DISTRICT COURTS; JURISDICTION**

**28 U.S.C. § 1361**

**§ 1361.  Action to compel an officer of the United States to perform his duty**

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

**TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE**
**PART VI. PARTICULAR PROCEEDINGS**
**CHAPTER 151. DECLARATORY JUDGMENTS**

**28 U.S.C. § 2201**

**§ 2201.  Creation of remedy**

(a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an anti-dumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

(b) For limitations on actions brought with respect to drug patents see section 505 or 512 of the Federal Food, Drug, and Cosmetic Act.

**TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE
PART VI. PARTICULAR PROCEEDINGS
CHAPTER 151. DECLARATORY JUDGMENTS**

**28 U.S.C. § 2202**

**§ 2202.  Further relief**

Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

**TITLE 42. THE PUBLIC HEALTH AND WELFARE**
**CHAPTER 7. SOCIAL SECURITY ACT**
**SUBCHAPTER II. FEDERAL OLD-AGE, SURVIVORS, AND DISABILITY INSURANCE BENEFITS**

**42 U.S.C. § 405**

**§ 405. Evidence and procedure for establishment of benefits**

\* \* \* \* \*

**(g) Judicial review**

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the District Court of the United States for the District of Columbia. As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Commissioner of Social Security or a decision is rendered under subsection (b) hereof which is adverse to an individual who was a party to the hearing before the Commissioner of Social Security, because of failure of the claimant or such individual to submit proof in conformity with any regulation prescribed under subsection (a) hereof, the court shall review only the question of conformity with such regulations and the validity of such regulations. The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based. Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision. The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions. Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.

**(h) Finality of Commissioner's decision**

The findings and decisions of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

\* \* \* \* \*

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 7. SOCIAL SECURITY ACT
SUBCHAPTER XVIII. HEALTH INSURANCE FOR THE AGED AND DISABLED
PART E. MISCELLANEOUS PROVISIONS

42 U.S.C. § 1395hh

**§ 1395hh.  Regulations**

**(a) Authority to prescribe regulations;  ineffectiveness of substantive rules not promulgated by regulation**

(1) The Secretary shall prescribe such regulations as may be necessary to carry out the administration of the insurance programs under this subchapter.  When used in this subchapter, the term "regulations" means, unless the context otherwise requires, regulations prescribed by the Secretary.

(2) No rule, requirement, or other statement of policy (other than a national coverage determination) that establishes or changes a substantive legal standard governing the scope of benefits, the payment for services, or the eligibility of individuals, entities, or organizations to furnish or receive services or benefits under this subchapter shall take effect unless it is promulgated by the Secretary by regulation under paragraph (1).

(3)(A) The Secretary, in consultation with the Director of the Office of Management and Budget, shall establish and publish a regular timeline for the publication of final regulations based on the previous publication of a proposed regulation or an interim final regulation.

(B) Such timeline may vary among different regulations based on differences in the complexity of the regulation, the number and scope of comments received, and other relevant factors, but shall not be longer than 3 years except under exceptional circumstances. If the Secretary intends to vary such timeline with respect to the publication of a final regulation, the Secretary shall cause to have published in the Federal Register notice of the different timeline by not later than the timeline previously established with respect to such regulation.  Such notice shall include a brief explanation of the justification for such variation.

(C) In the case of interim final regulations, upon the expiration of the regular timeline established under this paragraph for the publication of a final regulation after opportunity for public comment, the interim final regulation shall not continue in effect unless the Secretary publishes (at the end of the regular timeline and, if applicable, at the end of each succeeding 1-year period) a notice of continuation of the regulation that includes an explanation of why the regular timeline (and any subsequent 1-year extension) was not complied with.  If such a notice is published, the regular timeline (or such timeline as previously extended under this paragraph) for publication of the final regulation shall be treated as having been extended for 1 additional year.

(D) The Secretary shall annually submit to Congress a report that describes the instances in which the Secretary failed to publish a final regulation within the applicable regular timeline under this paragraph and that provides an explanation for such failures.

(4) If the Secretary publishes a final regulation that includes a provision that is not a logical outgrowth of a previously published notice of proposed rulemaking or interim final rule, such provision shall be treated as a proposed regulation and shall not take effect until there is the further opportunity for public comment and a publication of the provision again as a final regulation

**(b) Notice of proposed regulations; public comment**

   (1) Except as provided in paragraph (2), before issuing in final form any regulation under subsection (a), the Secretary shall provide for notice of the proposed regulation in the Federal Register and a period of not less than 60 days for public comment thereon.
   (2) Paragraph (1) shall not apply where--
     (A) a statute specifically permits a regulation to be issued in interim final form or otherwise with a shorter period for public comment,
     (B) a statute establishes a specific deadline for the implementation of a provision and the deadline is less than 150 days after the date of the enactment of the statute in which the deadline is contained, or
     (C) subsection (b) of section 553 of Title 5 does not apply pursuant to subparagraph (B) of such subsection.

* * * * *

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 7. SOCIAL SECURITY ACT
SUBCHAPTER XVIII. HEALTH INSURANCE FOR THE AGED AND DISABLED
PART E. MISCELLANEOUS PROVISIONS

**42 U.S.C. § 1395ii**

**§ 1395ii.  Application of certain provisions of subchapter II**

The provisions of sections 406 and 416(j) of this title, and of subsections (a), (d), (e), (h), (i), (j), (k), and (*l*) of section 405 of this title, shall also apply with respect to this subchapter to the same extent as they are applicable with respect to subchapter II of this chapter, except that, in applying such provisions with respect to this subchapter, any reference therein to the Commissioner of Social Security or the Social Security Administration shall be considered a reference to the Secretary or the Department of Health and Human Services, respectively.