$2000 on each claim filed. *See* 42 C.F.R. § 402.105(a). The supplier could also lose its Medicare billing privileges. 42 C.F.R. § 424.57(c)(1) (requiring supplier to certify that it will "[o]perate[] its business and furnish[] . . . Medicare-covered items in compliance with all applicable Federal and State licensure and regulatory requirements"); *id.* § 424.57(d) ("CMS *will* revoke a supplier's billing privileges if it is found not to meet the standards in paragraphs (b) and (c) of this section.") (emphasis added). Zipp explains that suppliers are acutely aware of their exposure to "civil monetary penalties and exclusion from future participation in Medicare" for submitting claims later determined not to be medically reasonable and necessary. Zipp Decl. ¶ 27. Suppliers also face the further specter of treble-damages liability under the False Claims Act, 31 U.S.C. § 3729, and criminal punishment under 18 U.S.C. § 287. *See* Zipp Decl. ¶ 27.

This case is therefore very different from *Illinois Council*, in which the Supreme Court determined that "a nursing home . . . can test the lawfulness of [CMS's] regulations simply by refusing to [comply] and incurring a minor penalty." 529 U.S. at 22. This case fits, instead, within a line of cases in which courts have found jurisdiction to hear claims arising under Medicare, without prior administrative review.

In *American Lithotripsy Society v. Thompson*, 215 F. Supp. 2d 23 (D.D.C. 2002), for example, the Court determined that, if providers of a kidney stone treatment did not comply with new Medicare reimbursement rules, they could be required to disgorge payments and face potential statutory penalties of up to $15,000 per bill submitted to Medicare, possible exclusion from the Medicare program, and possible criminal penalties under 18 U.S.C. § 287. *Id.* at 29. Those potential sanctions for non-compliance with the reimbursement rule were sufficient to allow immediate judicial review under *Illinois*

7

professionals to prescribe scooters. The Secretary's decision to use the Rule as a device to implement a statutory change that Congress made two years ago is not a basis for denying the injunctive relief requested by the Coalition, particularly when the Secretary has tied his implementing action to other changes that will sow confusion and uncertainty in the industry.

## CONCLUSION

For the reasons stated in the Coalition's Motion and this Reply, this Court should enter a preliminary injunction enjoining defendants from enforcing the challenged Rule (new 42 C.F.R. § 410.38(c)).

Respectfully submitted,

/s/ K. Chris Todd

| | |
|---|---|
| Eric W. Sokol | K. Chris Todd |
|  D.C. Bar No.: 434592 |  D.C. Bar No.: 284455 |
| Power Mobility Coalition | David C. Frederick |
| 919 18th Street, N.W. |  D.C. Bar No.: 431864 |
| Suite 550 | Austin C. Schlick |
| Washington, D.C. 20006 |  D.C. Bar No.: 450042 |
| (202) 296-3501 | Gregory G. Rapawy |
| |  D.C. Bar No.: 493973 |
| Stephen M. Azia | Kellogg, Huber, Hansen, Todd |
|  D.C. Bar No.: 426575 |   Evans & Figel, P.L.L.C. |
| Eastwood & Azia, P.L.L.C. | 1615 M Street, N.W. |
| 919 18th Street, N.W. | Suite 400 |
| Suite 550 | Washington, D.C. 20036 |
| Washington, D.C. 20036 | (202) 326-7900 |
| (202) 296-4100 | |

*Counsel for the Power Mobility Coalition*

Dated: October 24, 2005

25