UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
POWER MOBILITY COALITION        )
                                )
            Plaintiff,          )
                                )
       v.                       )   Civil Action No. 1:05-cv-02027-RBW
                                )
MICHAEL O. LEAVITT,             )
Secretary of the Department of  )
Health and Human Services, *et al.* )
                                )
            Defendants.         )
_____)

**NOTICE OF RECENT AUTHORITY**

Defendants Michael O. Leavitt, Secretary of the United States Department of Health and Human Services (the "Secretary") et al. respectfully provide notice to this Court of the recent decision by Judge Richard A. Lazzara of the Middle District of Florida in Gulfcoast Medical Supply, Inc., v. Secretary, United States Department of Health and Human Services, 8:04-cv-2610 (M.D. Fla. Nov. 16, 2005), a copy of which is filed herewith.

In Gulfcoast, a supplier of power mobility devices ("PMDs"), including power wheelchairs and accessories, sought review of the Secretary's determination of an overpayment of Medicare reimbursement.  The plaintiff argued that the claims at issue were wrongfully denied because certificates of medical necessity ("CMNs") signed by the patients' treating physicians were furnished to Defendant in support of reimbursement and the Secretary could require no further documentation that a claim was medically reasonable and necessary.  In support, plaintiff relied on Maximum Comfort v. Thompson, 323 F. Supp.2d 1060 (E.D. Cal. 2004), appeal docketed, No. 05-15832 (9th Cir. May 9, 2005), and on a provision of the Medicare Act, 42

U.S.C. § 1395m(j)(2)(B). The court rejected plaintiff's argument and held, first, that 42 U.S.C. § 1395m(j)(2)(B) is "no more than a definition of the term CMN" and that "[t]herefore, this provision cannot support Plaintiff's legal conclusion: far from mandating that a [Durable Medical Equipment Regional Carrier ('DMERC')] can require only a CMN and nothing more, it does not even mandate that a DMERC require the CMN at all." Gulfcoast, slip op. at 12. The court further held that "nothing in the Medicare Act makes the CMN a supplier's exclusive source for information regarding the reasonableness of the CMN. To the contrary, the Act mandates otherwise[,]" because it requires Medicare DMERCs to perform audits to "'assure proper payments are made.'" Id. (quoting 42 U.S.C. § 1395u(a)(1)(C)). Finally, the court found that "the Medicare Act unambiguously vests final authority in [the Secretary] to determine whether a service is reasonable and medically necessary[,]" and upheld the Secretary's overpayment determination. Id. at 14.

| | |
|---|---|
| Date:   December 1, 2005 | Respectfully submitted, |
| | PETER D. KEISLER<br>Assistant Attorney General |
| | KENNETH L. WAINSTEIN<br>U.S. Attorney for the District of Columbia |
| |    /s/ Steven Y. Bressler<br>BRIAN KENNEDY<br>STEVEN Y. BRESSLER D.C. Bar No. 482492<br>Attorneys, Federal Programs Branch<br>Civil Division, U.S. Department of Justice<br>P.O. Box 883<br>Washington, D.C. 20044<br>(202) 514-4781 (telephone)<br>(202) 318-7609 (fax)<br>Steven.Bressler@USDOJ.gov |
| | Counsel for Defendants |