UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| POWER MOBILITY COALITION | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:05-cv-02027-RBW |
| MICHAEL O. LEAVITT,<br>Secretary of the Department of<br>Health and Human Services, *et al.* | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff seeks an injunction preventing Defendants Michael O. Leavitt ("the Secretary"), Secretary of the Department of Health and Human Services ("HHS") and Mark B. McClellan ("the Administrator"), Administrator of the Center for Medicare and Medicaid Services ("CMS"), from enforcing a rule designed to effect the will of Congress and reduce fraud and abuse in Medicare claims for power mobility devices ("PMDs"), i.e., power wheelchairs and scooters.  As this Court has already found, this Court "cannot entertain . . . jurisdiction in this case unless and until the plaintiff exhausts its administrative remedies."  December 7, 2005 Memorandum Opinion of the Court (Dkt. No. 17) ("Slip Op.") at 17.  The Court should, accordingly, dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

# ARGUMENT[1]

## As This Court Has Already Correctly Determined, the Court Lacks Subject Matter Jurisdiction Over Plaintiff's Complaint

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). The Court, of course, "always [has] jurisdiction to determine [its] jurisdiction." Nestor v. Hershey, 425 F. 2d 504, 511 (D.C. Cir. 1969); accord Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 93-94 (1998) (federal court may not decide merits before determining whether it has jurisdiction over a case).

In this action, plaintiff has not established (and cannot establish) subject matter jurisdiction in this Court because it is barred by statute. Specifically, "this Court does not have federal question jurisdiction in this [case] under 28 U.S.C. § 1331 because § 405(g) of the Medicare Act prohibits judicial review of the plaintiff's claim, absent presentment of its claim to the Secretary and exhaustion of its other administrative remedies." Slip Op. 19-20.

The Medicare Act, 42 U.S.C. § 405(g), bars subject matter jurisdiction over all claims arising under the Medicare statute unless two requirements are satisfied: presentment of a claim to the Secretary, which may not be waived, and exhaustion of administrative remedies, which is waivable by the Secretary. Section 405(g), which is incorporated into the Medicare Act by 42 U.S.C. § 1395ii, provides that:

---

[1] Defendants incorporate by reference the statutory and regulatory background to this action set forth in Defendants' Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 9) at 3-13. The pertinent background is also set forth in the Court's Memorandum Opinion (Dkt. No. 17) at 3-8.

>   The findings and decisions of the [Secretary] after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the [Secretary], or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28, United States Code, to recover on any claim arising under this title.

42 U.S.C. § 405(g).[2]

The Supreme Court's precedents make clear that these jurisdictional prerequisites to suit apply to all manner of claims that arise under the Medicare statute, make subject matter jurisdiction contingent on exhaustion of administrative remedies, and are to be broadly construed. The Court has thus characterized the § 405(g) bar to other avenues of review as "sweeping and direct," see Weinberger v. Salfi, 422 U.S. 749, 757 (1975), and explained that it applies to "all 'claim[s] arising under the' the Medicare Act." Ringer, 466 U.S. 602, 615. See also Your Home

---

[2]   Section 405(g) unambiguously precludes federal question jurisdiction under § 1331; plaintiff's citations in paragraph 2 of their Complaint to the Administrative Procedure Act, 5 U.S.C. §§ 701-706, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the general mandamus statute, id. § 1361, are similarly unavailing. See Slip Op. 19 n.9.

It is axiomatic that neither the APA nor the Declaratory Judgment Act provide an independent grant of subject matter jurisdiction for review of agency action. See, e.g., Schilling v. Rogers, 363 U.S. 666 (1960) (Declaratory Judgment Act); Califano v. Sanders, 430 U.S. 99, 104 (1977) (APA). Nor is there mandamus jurisdiction in this case. "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980) (per curiam). This Court's mandamus jurisdiction, accordingly, "is strictly confined," "available only in 'extraordinary situations'; [and] it is hardly ever granted." In re Cheney, 406 F.3d 723, 729 (D.C. Cir. 2005) (en banc). Most importantly here, mandamus is a remedy of last resort for a litigant who has "exhausted all other avenues of relief." Heckler v. Ringer, 466 U.S. 602, 616 (1984). See Fornaro v. James, 416 F.3d 63, 69 (D.C. Cir. 2005) ("'It is, of course, elementary that mandamus is an extraordinary form of relief which lies only when no adequate alternative remedy exists'"), quoting Barnhart v. Devine, 771 F.2d 1515, 1524, 1527 (D.C. Cir.1985) (finding mandamus precluded by adequate remedy under the CSRA). There is no mandamus jurisdiction here because, as discussed infra, the PMD suppliers that allegedly form the membership of plaintiff have not even attempted to avail themselves of, much less exhausted, their perfectly adequate, administrative remedies.

Visiting Nurse Serv., Inc. v. Shalala, 119 S. Ct. 930, 935 (1999) ("judicial review under the federal-question statute, 28 U.S.C. § 1331, is precluded by 42 U.S.C. § 405[g]"). See also Lifestar Ambulance Serv. v. United States, 365 F.3d 1293, 1295 (11th Cir. 2004) ("The Medicare Act establishes a comprehensive remedial scheme, providing both administrative hearing rights for aggrieved providers . . . and judicial review of the Secretary's final decisions" under 42 U.S.C. § 405(g)) (citing Ringer, 466 U.S. at 605-06 & n.1 (quoting 42 U.S.C. § 405(g)).). Moreover, in its most recent, comprehensive review of this line of authority, the Supreme Court stressed that, so long as the claim arises under Medicare, the nature of the claim has no bearing on whether it must be channeled through the exhaustion and exclusive judicial review provisions of the Medicare statute:

> Those cases themselves foreclose distinctions based upon the "potential future" versus the "actual present" nature of the claim, the "general legal" versus the "fact specific" nature of the challenge, the "collateral" versus "noncollateral" nature of the issues, or the "declaratory" versus "injunctive" nature of the relief sought. Nor can we accept a distinction that limits the scope of § 405[g] to claims for monetary benefits. Claims for money, claims for other benefits, claims of program eligibility, and claims that contest a sanction or remedy may all similarly rest upon individual fact-related circumstances, may all similarly dispute agency policy determinations, or may all similarly involve the application, interpretation, or constitutionality of interrelated regulations or statutory provisions. There is no reason to distinguish among them in terms of the language or in terms of the purposes of § 405[g].

Shalala v. Illinois Council on Long Term Care, 529 U.S. 1, 14 (2000). Plaintiff's claims "arise under" the Medicare Act, as plaintiff admits,[3] and so it is certainly required to present its APA claims to the Secretary and exhaust administrative remedies. See Ringer, 466 U.S. at 610 n.7 (requiring presentment and exhaustion for APA claims "arising under" the Act; noting that the

---

[3] In Paragraph 1 of the Complaint, for example, Plaintiff alleges the PMD payment rule violates the Medicare Act, 42 U.S.C. §§ 1395hh(b) & 1395m(j)(2).

Ringer plaintiffs challenged the Secretary's policy on procedural and substantive APA grounds)[4]; National Kidney Patients Ass'n v. Sullivan, 958 F.2d 1127, 1129-34 (D.C. Cir. 1992) (exhaustion required for APA notice and comment claims), cert. denied, 506 U.S. 1049 (1993). Accordingly, because PMD suppliers could present a challenge to the PMD payment rule to the Secretary but have not done so, their challenge cannot stand in this Court.

In this case, just as in, e.g., Illinois Council, suppliers practical means of presenting their claims and obtaining relief through the administrative process. In Illinois Council, the Supreme Court required nursing homes to violate the challenged rule, suffer a penalty, and then challenge that penalty through the administrative process. 529 U.S. 1, 22. Similarly, under the rule plaintiff challenges, Conditions for Payment of Power Mobility Devices, Including Power Wheelchairs and Power-Operated Vehicles, 70 Fed. Reg. 50940 (Aug. 26, 2005) ("PMD payment rule"), a supplier whose claim for reimbursement is denied can appeal that denial, including a challenge to the underlying rule, and then (but only then) seek review in this Court. See 42 U.S.C.

---

[4] By requiring that claims be channeled through an administrative process, and by providing for judicial review only of the Secretary's "final decision," the Medicare Act effectively precludes pre-enforcement, or anticipatory, challenges such as Plaintiff's. For example, in Ringer, one of the named plaintiffs (Mr. Ringer) sought to challenge an agency rule precluding reimbursement for an operation he needed. Because Ringer could not file a claim for reimbursement (because he could not undergo the procedure without an assurance of reimbursement), he was never subject to a decision of the Secretary challengeable under Section 405(g). Accordingly, he brought a "pre-enforcement" action in district court, asserting federal question jurisdiction, and requesting a declaratory judgment that the pertinent Medicare regulation was invalid. See 466 U.S. at 620-22.

The Supreme Court held that, because the Medicare Act provides the exclusive basis for obtaining jurisdiction over claims (like Ringer's) arising under it, the district court could not assume jurisdiction under 28 U.S.C. § 1331 (or any other statute). The Court stated plainly: "The third sentence of 42 U.S.C. § 405[g], made applicable to the Medicare Act by 42 U.S.C. § 1395ii, provides that § 405(g), to the exclusion of 28 U.S.C. § 1331, is the sole avenue for judicial review for all 'claim[s] arising under' the Medicare Act." 466 U.S. at 614-15 (emphasis added).

§ 1395u(b)(3)(C); 42 U.S.C. § 1395ff(b) (incorporating by reference 42 U.S.C. § 405(b)); see also 42 C.F.R. §§ 405.801 et seq., 405.901 et seq. (describing the administrative appeals process for Part B). This is hardly the sort of case where "there is no conceivable set of circumstances that could . . . permit[] Plaintiffs to challenge the validity of [the rule] within the procedures provided by the agency." Bartlett Memorial Medical Center, Inc. v. Thompson, 347 F.3d 828, 844 (10th Cir. 2003). *That* is what "constitutes the 'no review at all'" that justifies federal question jurisdiction. Id.; see also Fanning v. United States, 346 F.3d 386, 400 (3d Cir. 2003) (plaintiffs would not have to exhaust administrative remedies "if they could show that they have *no way* of having their claims reviewed" (emphasis added)); Walters v. Leavitt, 376 F.Supp. 2d 746, 754-55 (E.D. Mich. 2005) ("a plaintiff may avoid § 405[g]'s exhaustion requirement and bring a § 1331 action only where he establishes that no administrative or judicial review is possible"); Connecticut State Dept. of Social Services v. Thompson, 242 F.Supp.2d 127, 135 (D. Conn. 2002) (finding federal question jurisdiction only where plaintiffs "do not receive an initial determination from which they can seek administrative and, if necessary, judicial review").[5]

Moreover, here, unlike even in Illinois Council, there is no "penalty," per se, (either civil or criminal) for failing to abide by the PMD payment rule. See generally 70 Fed. Reg. 50940. Rather, under the PMD payment rule going forward, as has long been the case, see, e.g., Declaration of John Warren ("Warren Decl.," filed with Dkt. No. 9)[6] ¶¶ 10, 11, 29, if a supplier

---

[5] As this Court has already explained, McNary v. Haitian Refugee Ctr., Inc., 498 U.S. 479 (1991), is inapposite. See Slip Op. 12-15 (distinguishing Haitian Refugee Ctr.); id. at 16-17 (holding this case is more similar to, and controlled by the logic of, Ringer and Salfi).

[6] The court may consider a Rule 12(b)(1) motion based on the complaint standing alone or, where necessary, on the complaint "supplemented by undisputed facts evidenced in the
(continued...)

cannot provide documentation to support a claim on review, that claim will be denied.[7] Id. Denial of individual claims constitutes the sort of "cost[s] in . . . isolated, particular case[s]" that the Supreme Court held does *not* allow a party to circumvent § 405(g). Illinois Council, 529 U.S. 1, 22. As this Court has held, "simply because [a claimant] must assume some financial risk to invoke the administrative process does not remove § 405[g]'s jurisdictional bar." American Chiropractic Ass'n, Inc. v. Shalala, 131 F.Supp.2d 174, 178 n.5 (D.D.C. 2001) (citing Illinois Council, 529 U.S. 1), aff'd on, inter alia, § 405(g) jurisdictional question, — F.3d —, Appeal No. 04-5411 (December 13, 2005).[8]

---

[6](...continued) record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Herbert v. National Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992). This standard follows from the "well established practice – adopted by the Supreme Court [many] years ago . . . – of allowing the District Court to make findings when a factual dispute regarding jurisdiction does arise." Id. at 198 n.6 (citing Land v. Dollar, 330 U.S. 731, 735 n.4 [1947]); see also Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987). Accordingly, a motion to dismiss a claim for lack of subject matter jurisdiction that relies on matters outside the pleadings should not be converted to a Rule 56 motion for summary judgment. Federation for Am. Immigration Reform v. Reno, 897 F. Supp. 595, 600 n.6 (D.D.C. 1995) (citing Prakash v. American Univ., 727 F.2d 1174, 1181 [D.C. Cir. 1984]; Riley v. Titus, 90 F.2d 653, 655 n.1 [D.C. Cir. 1951]; and 5A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1366 at 484-85 [2d ed. 1990]).

[7] While additional penalties may be theoretically possible, this Court should accept the Secretary's representations on this matter just as the Supreme Court did in Illinois Council. 529 U.S. 1, 22 ("The Council gives us no convincing reason to doubt the Secretary's description of the agency's general practice" as to penalties for noncompliance.).

[8] Nor is plaintiff's claim supported by the logic of American Lithotripsy Soc'y v. Thompson, 215 F.Supp.2d 23, 28-29 (D.D.C. 2002), and Nat'l Ass'n of Psychiatric Health Sys. v. Shalala, 120 F.Supp.2d 33, 38-9 (D.D.C. 2000), even assuming *arguendo* that those cases were correctly decided. In both of them, unlike here, the plaintiffs faced *severe* penalties for noncompliance beyond mere noncoverage of services. In Psychiatric Health Sys., the Court found that plaintiffs who sought to challenge the rule would face termination from the Medicare program and, in many cases, decertification by state and local authorities as well. 120 F.Supp.2d

(continued...)

Finally, we note that channeling Medicare claims through the Act's administrative processes, via a decision of the Secretary, makes sense.  Among other things, the Act's scheme promotes administrative efficiency by protecting HHS and CMS from the "potential for overly casual or premature judicial intervention" in their administrative processes.  See Ringer, 466 U.S. at 627.  It also promotes judicial economy by allowing the agency an opportunity to "correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review."  Salfi, 422 U.S. at 765.  Indeed, channeling claims through the administrative process may even avert the need for judicial review altogether.  See id. at 762.  For all of these reasons, the Court lacks jurisdiction under 28 U.S.C. § 1331 over Plaintiffs' claims.  Accordingly, the Court should dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1).

---

[8](...continued)
33, 38-9 & 39 n.4.  In American Lithotripsy Soc'y, the Court found that plaintiffs faced not only termination from the Medicare program if they brought an administrative challenge, but additional, statutory penalties of $15,000 per bill.  215 F.Supp.2d 23, 28-29.  Moreover, the American Lithotripsy Soc'y Court based its ruling on the fact that (again unlike here) the Secretary did not contest plaintiffs' allegations of "financial ruin" and lack of access to the administrative process.  Id. at 30.  As discussed in defendants' memorandum in opposition to plaintiff's motion for a preliminary injunction, and in the Court's opinion denying plaintiff's motion, those claims are not persuasive.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's complaint.

Date:  December 13, 2005            Respectfully submitted,

                                          PETER D. KEISLER
Assistant Attorney General
KENNETH L. WAINSTEIN
U.S. Attorney for the District of Columbia

   /s/ Steven Y. Bressler
BRIAN G. KENNEDY D.C. Bar No. 228 726
STEVEN Y. BRESSLER D.C. Bar No. 482492
Attorneys, Federal Programs Branch
Civil Division, U.S. Department of Justice
P.O. Box 883
Washington, D.C. 20044
(202) 514-4781 (telephone)
(202) 318-7609 (fax)
Steven.Bressler@USDOJ.gov

Counsel for Defendants