IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| POWER MOBILITY COALITION,               ) | |
| ) | |
| Plaintiff,         ) | |
| ) | |
| v.                                      ) | Case No.: 1:05cv02027 (RBW) |
| ) | |
| MICHAEL O. LEAVITT, Secretary, United States ) | |
| Department of Health and Human Services, and ) | |
| MARK B. McCLELLAN, Administrator, Centers ) | |
| for Medicare and Medicaid Services,     ) | |
| ) | |
| Defendants.        ) | |
| ) | |

**NOTICE OF VOLUNTARY DISMISSAL**

Pursuant to Federal Rule of Civil Procedure 41(a)(1), plaintiff hereby dismisses all defendants from this matter without prejudice.

In this case plaintiff, the Power Mobility Coalition, challenged an Interim Final Rule of the Department of Health and Human Services ("HHS") that – in addition to having been promulgated without notice and comment – appeared to impose substantial new obligations on suppliers of motorized wheelchairs and scooters under the Medicare program, including a seeming obligation to second-guess the medical determinations of prescribing physicians. *See* Interim Final Rule, *Conditions for Payment of Power Mobility Devices, Including Power Wheelchairs and Power-Operated Vehicles*, 70 Fed. Reg. 50,940 (Aug. 26, 2005) (to be codified at 42 C.F.R. § 410.38(c)).

In the course of this litigation the government has represented to the Court, and the Court has accepted, that suppliers' only new obligation under the Interim Final Rule is "find[ing] space

to store th[e] documentation" they receive from physicians. Mem. Op. at 24 (filed Dec. 7, 2005); *see* Oct. 25, 2005 Hrg. Tr. at 20, 27, 52-53 (argument of Mr. Bressler) ("The supplier does not have to make a second-guess" of the doctor's prescription and has no additional obligation except document storage). The Court has also concluded based on the government's representations that eliminating the certificate of medical necessity from the Medicare claims process for power mobility devices was not intended to increase, and is not likely to increase, the percentage of claims that HHS denies. Mem. Op. at 23; *see* Oct. 25, 2005 Hrg. Tr. at 20 (argument of Mr. Bressler) (under Interim Final Rule suppliers "can be more certain that they are going to be paid").

With respect to future administrative and judicial review, the government has assured the Court that administrative review of reimbursement claims denied under the Interim Final Rule will be timely, *see* Mem. Op. at 20 n.10, and it apparently does not dispute that this Court would have immediate jurisdiction if the agency were to attempt to "kick anybody out of the program" based on claims denials, Oct. 25, 2005 Hrg. Tr. at 31.

Finally, Congress has intervened to ensure that the immediate harms feared by plaintiff will not occur pending HHS's timely promulgation of a procedurally regular final rule. On December 21, 2005, Congress approved appropriations legislation that denies HHS funding to implement or enforce the Interim Final Rule for periods before April 1, 2006. *See* H.R. Rep. No. 109-300, at 30 (Conf. Rep.). The conference report expresses Congress's intent that a proposed rule replacing the Interim Final Rule "be published by January 1, 2006, followed by a 45-day period to comment on the proposed rule, and that by not later than February 14, 2006, a final rule be published, followed by a 45-day transition period for implementation." *Id.* at 94. The President is expected to sign the appropriations bill into law.

Plaintiff continues to believe that the Court has jurisdiction to hear this case and that the Interim Final Rule is unlawful. In light of the Court's findings in its decision filed on December 7, 2005, and these other developments, however, continuation of the litigation would unnecessarily burden the Court and the parties.

Respectfully submitted,

/s/ Austin C. Schlick

| | |
|---|---|
| Eric W. Sokol | K. Chris Todd |
|   D.C. Bar No.: 434592 |   D.C. Bar No.: 284455 |
| Power Mobility Coalition | David C. Frederick |
| 919 18th Street, N.W. |   D.C. Bar No.: 431864 |
| Suite 550 | Austin C. Schlick |
| Washington, D.C. 20006 |   D.C. Bar No.: 450042 |
| (202) 296-3501 | Kellogg, Huber, Hansen, Todd |
|  |   Evans & Figel, P.L.L.C. |
| Stephen M. Azia | 1615 M Street, N.W. |
|   D.C. Bar No.: 426575 | Suite 400 |
| Eastwood & Azia, P.L.L.C. | Washington, D.C. 20036 |
| 919 18th Street, N.W. | (202) 326-7900 |
| Suite 550 |  |
| Washington, D.C. 20036 |  |
| (202) 296-4100 |  |

*Attorneys for Power Mobility Coalition*

December 27, 2005

3